U.S. Bankruptcy Court
District of Idaho
Filed: September 2, 2004
at 2:00 p.m.
By: JC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE )<br>)<br>ROBERT L. GOODE and )<br>GERALDINE A. GOODE, )<br>)<br>)<br>Debtors. )<br>)<br>_____ ) | Case No. 04-20775<br><br>MEMORANDUM OF DECISION |

Following the conclusion of a hearing held on August 31, 2004, discrete but potentially significant issues of valuation remain before the Court. They concern two parcels of real property owned by the chapter 13 debtors, Robert and Geraldine Goode ("Debtors"). Other issues concerning stay relief and confirmation of Debtors' proposed chapter 13 plan were addressed in the oral ruling of the Court at the conclusion of the hearing, and will not be repeated here.

The objecting creditor, Public Employees Credit Union ("Creditor") contends that the real property values are higher than Debtors have alleged. Creditor argues that this results in equity that would be available for unsecured creditors in a

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

24

chapter 7 case and, thus, Debtors' chapter 13 plan must be increased in order to comply with § 1325(a)(4).

In regard to these valuation questions, the Court heard testimony from both Debtors, certified appraiser Don W. Gibbs II ("Gibbs"), and realtor Pete Bariel ("Bariel"). Gibbs' appraisal of Debtors' residence at 1578 South Hillcrest Drive, Coeur d'Alene, Idaho (the "Residence"), was admitted as Exhibit 1. Bariel's "comparable market analysis" of the Residence was admitted as Exhibit 6, and his market analysis of Debtors' rental property at 15357 N. Washington St. in Rathdrum, Idaho (the "Rental"), was admitted as Exhibit 8.

The Court has considered all the evidence, and decided upon the weight to be given such evidence. It has also evaluated such issues of witness credibility as it deemed pertinent, and considered the arguments made by counsel regarding such matters. The Court enters the following findings based on a preponderance of that evidence.

### 1. The Residence

The value of the Residence on Hillcrest Drive is determined to be $151,000.00. This figure is asserted in and adequately explained by Gibbs' appraisal, Exhibit A. Gibbs' testimony was competent and supportive of his methodology and conclusions, and not effectively impeached.

The Court acknowledges that Bariel opined that the Residence (or, perhaps more accurately, the land on which the Debtors' home sits) could be worth as much as $210,000 to $225,000 given the desirability of the location and view of

MEMORANDUM OF DECISION - 2

Lake Coeur d'Alene, and the history of development and sale of residences in the neighborhood. However, several factors lead the Court to discount the weight to be given this opinion.

First, Bariel is not a certified appraiser. Rather, he is a realtor though one with some experience in real estate development. Second, the site's development potential was not thoroughly explained. It was not clear, for example, that Bariel had undertaken an evaluation of geological, environmental or similar factors that might be involved in erecting a residence on this hillside lot. And, while he testified that he obtained a plat and felt the property could be subdivided into three lots for development purposes, there was no indication that he undertook an effort to verify that subdivision was actually possible. Third, Bariel's own evaluation of prior sales in the area (the "sold listings" in his report) supported a lesser value. Fourth, the methodologies Bariel used in adjusting those sales and used to arrive at his $210,000-$225,000 estimate were not made clear.

The Court is aware that the $151,000.00 value found for the Residence is higher than the value asserted by Debtors in their bankruptcy schedules. *See* Exhibit 10 at schedule A. The Court also appreciates that Mrs. Goode testified that she previously felt (and it was apparent she still feels) the Residence is worth more than what Gibbs determined, not to mention more than what the schedules alleged. But her belief about the worth of her home, even if sincerely held, does not alone establish value. An owner's testimony of value is admissible, but not conclusive. Creditor argues that Mrs. Goode has credibility problems, and thus would have the

MEMORANDUM OF DECISION - 3

AO 72A
(Rev. 8/82)

Court discount her testimony. But the primary evidence of value was not Mrs. Goode's testimony but, instead, was Gibbs' appraisal.

The Court concludes that the Residence is worth $151,000.00. Therefore, given the evidence and the balance of the record, Debtors' have no nonexempt equity in the Residence.[1]

### 2. The Rental

The Court finds, upon the preponderance of the evidence, that the value of the Rental in Rathdrum, Idaho, is $48,000.00.

Debtors' testimony about this property, to the effect that the structure provides little if any value due to its poor condition and defects in its structural foundation, was not effectively contradicted. In fact, Bariel concurred, observing that the structure should be donated to a local fire department to be burned down in a training exercise. This factor reduces the weight the Court gives to the County tax assessment which ascribed a value of $34,460.00 for the structure. *See* Exhibit

---

[1] There is secured debt of approximately $126,000.00 against the Residence. *See* Proof of Claim No. 1. Debtors claimed a homestead exemption, to which no objection has been raised. The exemption protects up to $50,000.00 in equity. The exemption would be in the amount of $4,000.00 if the property has the $130,000.00 value Debtors asserted in their schedules. The exemption is worth $25,000.00 given the $151,000.00 value found by the Court. Creditor had to prove that the residence was worth at least $176,000.00 (the secured debt of $126,000.00 plus a $50,000.00 exemption) before there would be nonexempt equity which needed to be addressed in Debtors' chapter 13 plan in order to comply with § 1325(a)(4). Bariel's opinions of value in excess of this threshold were not adequately proven. And Gibbs testified that the closest comparable, in his view, was a property at 1161 Saddlebrook which sold in May 2004 for $170,000.00, but which included 10 acres, as contrasted to Debtors' Residence which included only 1.7 acres, and which had a structure slightly superior to Debtors' home. *See also* Exhibit A at 3. This comparable would not support a value sufficient to trigger § 1325(a)(4) consequences.

MEMORANDUM OF DECISION - 4

AO 72A
(Rev. 8/82)

B. However, the limited value of the structure does not require that the Court simply accept the County's valuation of the lot alone ($21,000.00) as the total value of the parcel.

Debtors testified that the value of this property is partially dependent on zoning, and that a rezoning from residential to commercial status may occur, a factor Bariel also deemed worthy of consideration. The current assessment reflects a residential zoning. A $21,000.00 figure also seems low, even in the absence of rezoning, given the balance of Debtors' testimony, including the discussion of how and when the property was obtained and at what cost. The $21,000.00 figure also seems low given sales data discussed in Bariel's market analysis, Exhibit 8.[2]

Debtors offered no appraisal testimony concerning the Rental. Since the assessment appears low in relation to other evidence, and Bariel's higher estimate lacks sufficient foundational support, the Court is left with Debtors' $48,000.00 valuation of the Rental in their bankruptcy schedules. This assertion in schedules submitted by Debtors under penalty of perjury may be treated as a judicial admission under Fed. R. Evid. 801. *See In re Bauer*, 04.1 I.B.C.R. 38, at 38-9 (Bankr. D. Idaho 2004) (citing *In re Webb*, 03.1 I.B.C.R. 25, 26 (Bankr. D. Idaho 2003)).

---

[2] While the Court refers to data contained in Bariel's report, that does not require the Court to accept Bariel's conclusions, which place a value of $60,000.00 to $70,000.00 on the Rental lot as bare ground. The analysis suffers the same lack of clarity and absence of explanation as to methodology as the analysis on the Residence.

MEMORANDUM OF DECISION - 5

Faced with conflicting and in some ways irreconcilable opinions of value, the Court may select the one which it feels best comports with all the evidence and the weight to be given the various assertions. The Court concludes that setting the value of the Rental at $48,000.00 is consistent with this approach, as well as supported by the evidentiary effect of the assertion in Debtors' schedules.

The evidence and record supports a finding that the secured debt against this parcel is in excess of the value of $48,000.00. Thus, there is no equity in the Rental for purposes of a § 1325(a)(4) analysis.

## CONCLUSION

The Residence is valued at $151,000.00. The Rental is valued at $48,000.00. Counsel for Debtors may prepare an order accordingly. The balance of the confirmation issues must await amendment of the schedules and plan, as discussed at the conclusion of the August 31 hearing.

Dated this 2nd day of September, 2004.

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

DATED: September 2, 2004

Case No. 04-20775 (Robert L. Goode)

Office of the U.S. Trustee
MK Central Plaza
720 Park Blvd., Suite 220
Boise, ID 83712
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

Craig D. Odegaard
Attorney at Law
2115 Sherman Avenue, Suite 104
Coeur d'Alene, ID 83814
  ✓ U.S. Mail  ☐ Facsimile  ☐ Email

David E. Eash
HUPPIN, EWING, ANDERSON & PAUL, PS
2101 Lakewood Drive, Suite 236
Coeur d'Alene, ID 83814
  ✓ U.S. Mail  ☐ Facsimile  ☐ Email

Barry Zimmerman
P.O. Box 1240
Coeur d'Alene, ID 83816
cbarryz@my180.net
  ☐ U.S. Mail  ☐ Facsimile  ✓ Email

_Jo Ann B. Canderan_
Jo Ann B. Canderan
Judicial Assistant to Judge Myers

> Note to Email service: A PDF version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judge, please access the Court's Internet web site, www.id.uscourts.gov.

MEMORANDUM OF DECISION - 7

AO 72A
(Rev. 8/82)